[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13161
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00107-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALE BRUNETTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 19, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Dale Brunette ("Defendant") appeals his sentence of 78 months for possession of child pornography. Seeing no error in the district court's sentence, we affirm.

During an investigation of child pornography websites, Immigration and Customs Enforcement ("ICE") agents discovered that Defendant had made at least five payments to a website containing child pornography. After executing a search of Defendant's residence and examining a laptop computer he surrendered, agents discovered over a thousand images of child pornography. Defendant admitted all of these facts, and plead guilty to one count of possession of child pornography. See 18 U.S.C. § 2252A(a)(5)(B); § 2252(b)(2).

The probation officer preparing Defendant's PSI calculated the base offense level to be 18, with the following alterations: a two-level enhancement for any images involving prepubescent minors or minors under the age of twelve, per U.S.S.G. § 2G2.2(b)(2); a four-level enhancement for depictions of sadistic, masochistic, or violent conduct, per U.S.S.G. § 2G2.2(b)(4); a two-level enhancement because the offense involved the use of a computer, per U.S.S.G. § 2G2.2(b)(6); a five-level enhancement for involvement of more than 600 images,

2

per U.S.S.G. § 2G2.2(b)(7)(D); and a three-level reduction for acceptance of responsibility, per U.S.S.G. § 3E1.1(a)-(b). The total and adjusted offense level was 28, with a criminal history of I. This equated to a Guidelines range of 78-97 months imprisonment.

Defendant did not object to the calculation of the Guidelines range, but argued to the district court that a downward variance was warranted. The district court rejected Defendant's arguments for a sentence below the Guidelines and sentenced Defendant to 78 months' imprisonment.

Defendant appealed, arguing that the district court abused its discretion in choosing his sentence. Among other things, he suggested that the 18 U.S.C. section 3553(a) sentencing factors militated in favor of a downward variance, that the district court erroneously considered the Guidelines to be mandatory, and that the district court presumed that a within-Guidelines sentence was reasonable. See Gall v. United States, 128 S. Ct. 586, 594–95 & n.3 (2007) (noting that the Guidelines are not mandatory and that district judges may not presume that a within-Guidelines sentence is reasonable). He also contended that the § 2G2.2 child pornography Guideline is flawed in general and as applied to him. Defendant specifically argued that the child pornography Guideline does not reflect Congressional intent and that district courts should disregard it as a policy matter:

3

Defendant relied on <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 575–76 (2007) (explaining that district courts may reject the Guidelines' crack/powder cocaine sentencing ratio based on a policy disagreement).

Defendant's argument that the district court abused its discretion in following U.S.S.G. § 2G2.2 is meritless. We explained in <u>United States v. Pugh</u> that the child pornography Guideline does "not exhibit the deficiencies the Supreme Court identified in <u>Kimbrough</u>." 515 F.3d 1179, 1201 & n.15 (11th Cir. 2008). And even if those deficiencies did exist, <u>Kimbrough</u> merely permits district courts to change sentences; they are not required to do so. See <u>Kimbrough</u>, 128 S. Ct. at 575–76. Here, the district court concluded that Congress intended to punish child pornography offenders harshly and so declined to disagree with the Guidelines. This determination is within the district court's discretion and constitutes no reversible error.

Defendant's challenges to the procedural and substantive reasonableness of his sentence are also without merit. The district court properly calculated the Guidelines range, did not treat the Guidelines as mandatory, considered all of the § 3553(a) factors, did not rely on clearly erroneous facts in choosing a sentence, and adequately explained the sentence it did choose. It has therefore satisfied all procedural requirements for sentencing. See <u>Gall</u>, 128 S. Ct. at 597. And the

sentence imposed -- at the low end of the Guidelines range -- was not substantively unreasonable: the district court did not exhibit "unjustified reliance on any one section 3553(a) factor" nor did it lack a reasoned evidentiary basis for its decision. See Pugh, 515 F.3d at 1191. The sentence imposed, therefore, was not procedurally or substantively unreasonable.

AFFIRMED.